# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

JERRY ANGELLE, JR.,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

No. C 10-4102-MWB
(No. CR 07-4022-MWB)

**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S SECTION 2255 MOTION**

---

## TABLE OF CONTENTS

**I. INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    **A. The Criminal Proceedings** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    **B. The § 2255 Motion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**II. LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    **A. Standards For § 2255 Relief** . . . . . . . . . . . . . . . . . . . . . . . . . 5
    **B. Procedural Matters** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        **1. Need for an evidentiary hearing** . . . . . . . . . . . . . . . . . . . 8
        **2. Procedural default** . . . . . . . . . . . . . . . . . . . . . . . . . 9
    **C. Ineffective Assistance Of Counsel** . . . . . . . . . . . . . . . . . . . . 10
        **1. Applicable standards** . . . . . . . . . . . . . . . . . . . . . . . . 10
        **2. Failure to challenge second superseding indictment** . . . . . . . 13
        **3. Failure to argue against inclusion of prior conviction** . . . . 17
        **4. Failure to raise improper amendment of second superseding indictment** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
        **5. Failure to object to application of Rule 404(b)** . . . . . . . . . 20
    **D. Certificate Of Appealability** . . . . . . . . . . . . . . . . . . . . . . . 20

**III. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## I.  INTRODUCTION

This case is before me on petitioner Jerry Angelle's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody and Memorandum Brief (Civ. docket no. 1), filed on November 1, 2010; and on Angelle's Brief In Support of 28 U.S.C. § 2255 Petition (Civ. docket no. 7), filed by appointed counsel on March 14, 2011.  Angelle claims that the attorney who represented him at the trial level provided him with ineffective assistance of counsel in several ways. The respondent denies that Angelle is entitled to any relief on his claims.

### A.  The Criminal Proceedings

On April 18, 2007, Angelle was charged by a sealed two-count Indictment (Crim. docket no. 2).  Count 1 of the Indictment charged Angelle with conspiracy to distribute 5 grams or more of cocaine base between about October 2006 and continuing through April 8, 2007, having previously been convicted of a felony drug offense of possession of cocaine with intent to deliver.  *See* Crim. docket no. 2.  Count 2 of the Indictment charged Angelle with distribution of 5 grams or more of cocaine base on or about April 8, 2007, having previously been convicted of a felony drug offense of possession of cocaine with intent to deliver.  *See* Crim. docket no. 2.  On May, 3, 2007, Angelle appeared in front of Chief United States Magistrate Judge Paul A. Zoss to plead not guilty to both Counts of the Indictment.  *See* Crim. docket no. 6.

The prosecution filed a Superseding Indictment (Crim. docket no. 19), on July 18, 2007.  The Superseding Indictment increased the quantity of cocaine base from 5 grams

to 50 grams on Count 1 but otherwise remained unchanged. *See* Crim. docket no. 20. Angelle appeared before Judge Zoss on August 1, 2007, for arraignment on the Superseding Indictment and pleaded not guilty to both counts. *See* Crim. docket no. 22. The prosecution filed a Second Superseding Indictment (Crim. docket no. 28), on November 28, 2007. The Second Superseding Indictment expanded the time-frame of the alleged conspiracy, alleging that it occurred between about January 2001 through April 8, 2007, rather than between October 2006 through April 8, 2007. *See* Crim. docket no. 30. Angelle filed a Written Waiver Of Personal Appearance At Arraignment (Crim. docket no. 34), and plea of not guilty to the Second Superseding Indictment, on November 30, 2007.

Angelle proceeded to trial on both counts of the Second Superseding Indictment on December 10, 2007. *See* Crim. docket no. 59. The jury returned a verdict of guilty on both counts on December 11, 2007. *See* Crim. docket no. 61. Prior to being sentenced, Angelle filed a Motion for Downward Variance (Crim. docket no. 69). Angelle appeared before me on May 14, 2008, for a sentencing hearing. *See* Crim. docket no. 73. The parties had reached an agreement regarding sentencing, and, as a result, Angelle's Motion for Downward Variance was withdrawn. *See* Sent. Trans. at 2. The parties stipulated to a total offense level of 23, a criminal history category of 3, with an advisory guideline range of 97 to 121 months. *See* Sent. Trans. at 2. There was an applicable statutory mandatory minimum sentence of 120 months for each count. *See* Sent. Trans. at 3. After independently considering the 18 U.S.C. §3553(a) sentencing factors, I sentenced Angelle to the mandatory minimum of 120 months on both counts of the Second Superseding Indictment, to run concurrently. *See* Sent. Trans. at 7.

Angelle filed a Notice of Appeal (Crim. docket no. 75) to the United States Court of Appeals for the Eighth Circuit on May 16, 2008. On appeal, Angelle argued that I erred in allowing evidence of his prior drug conviction to be presented to the jury and also

argued that there was insufficient evidence to support his convictions. *See* Crim. docket no. 89. Angelle additionally claimed that the jury should have been instructed that he could not conspire with a government informant; that the mandatory sentence violated due process; and that his trial counsel was ineffective. *See* Crim. docket no. 89. On November 5, 2009, the United States Court of Appeals for the Eighth Circuit entered an Opinion (Crim. docket no. 89). The appellate court held that Angelle had waived the argument that his prior conviction should not have been admitted because he stipulated below that he had sustained the conviction. The appellate court also found that the evidence was sufficient to sustain both convictions based, among other things, on witness testimony about Angelle's drug dealings with multiple persons, some of whom resold the drugs and also based on items found in Angelle's residence. *See* Crim. docket no. 89. The court further held that I did not err by failing to instruct on conspiracy with a government informant because the evidence did not support it, and held that the ineffective assistance claim was not properly raised in a direct criminal appeal. *See* Crim. docket no. 89.

## B. The § 2255 Motion

On November 1, 2010, Angelle filed this *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1) ("Motion"). By Order (Civ. docket no. 2), an attorney was appointed to represent Angelle with regard to his Motion. On March 14, 2011, Angelle's counsel filed a Brief In Support Of 28 U.S.C. § 2255 Petition (Civ. docket no. 7). On April 18, 2011, the respondent filed a Response And Memorandum In Support Of Government's Response To Defendant's Motion Under 28 U.S.C. § 2255. (Civ. docket no. 10). On May 2, 2011, Angelle filed a *Pro Se* Traverse To The Government's Response (Civ. docket no. 16). The respondent

filed a Sur-Reply Brief In Response To Defendant's *Pro Se* Traverse (Civ. docket no. 17), on May 24, 2011. Angelle filed a *pro se* Motion For Entry Of Judgment (Civ. docket no. 18), on July 27, 2011.

## II. LEGAL ANALYSIS

### A. Standards For § 2255 Relief

Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal Habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

One "well established principle" of § 2255 law is that "'[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.'" *Theus v. United States*, 611 F.3d 441, 449 (8th Cir. 2010) (quoting *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001)); *Bear Stops*, 339 F.3d at 780. One exception to that principle arises when there is a "miscarriage of justice," although the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence," and the Supreme Court has not extended the exception beyond situations involving actual innocence. *Wiley*, 245 F.3d at 752 (citing cases, and also noting that "the Court has emphasized the narrowness of the exception and has expressed its desire that it remain 'rare' and available only in the 'extraordinary case.'" (citations omitted)). Just as § 2255 may not be used to relitigate issues raised and decided on direct appeal, it also ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in Habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted).

"Cause and prejudice" to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, as defined by the *Strickland* test, discussed below. *Theus*, 611 F.3d at 449. Indeed, *Strickland* claims are not procedurally defaulted when brought for the first time pursuant to § 2255, because of the advantages of that form of proceeding for hearing such claims. *Massaro v. United States*, 538 U.S. 500 (2003). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural

6

default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The "actual innocence" that may overcome either procedural default or allow relitigation of a claim that was raised and rejected on direct appeal is a demonstration "'that, in light of all the evidence, it is more likely than not that no reasonable juror would Have convicted [the petitioner].'" *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (quoting *Bousley*, 523 U.S. at 623); *see also House v. Bell*, 547 U.S. 518, 536-37 (2006). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the challenged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, I turn to analysis of Angelle's claims for § 2255 relief.

## B. Procedural Matters

### 1. Need for an evidentiary hearing

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. §2255.  On the other hand, an evidentiary hearing is necessary where "'the court is presented with some reason to question the evidence's credibility.'" *Kingsberry v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000) (quoting 1 Liebman and Hertz, Federal Habeas Corpus Practice and Procedure § 19.5, at 723 (3rd ed. 1998); *id.* at 1033 n.6 (also quoting 28 U.S.C. § 2254, Rule 7 advisory committee's note (1994), made applicable to § 2255 by reference, as stating, "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful."); *see also Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir. 2001) (holding that the district court abused its discretion in not holding an evidentiary hearing on a § 2255 claim of failure to call alibi witnesses, because the record before the district court "contained sharply conflicting evidence").  Even though ineffective assistance of counsel claims may be raised on a § 2255 motion, because of the advantages of that form of proceeding for hearing such claims, *see Massaro*, 538 U.S. at 500, that does not mean that an evidentiary hearing is required for every ineffective assistance claim presented in a § 2255 motion.  In this case, I conclude that no evidentiary hearing is required on any issue, because the record conclusively shows that Angelle's allegations either cannot be accepted as true, because they are contradicted by the record, or that,

even if his allegations were accepted as true, they would not entitle him to relief, *Buster*, 447 F.3d at 1132, even if I were to conclude that counsel's affidavit, standing alone, only raises credibility questions. *Kingsberry*, 202 F.3d at 1033.

### 2. *Procedural default*

Claims are procedurally defaulted if not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). "[C]ause and prejudice" to overcome such default may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Where possible, I have construed the petitioner's claims as claims of ineffective assistance of counsel and, therefore, will consider them on the merits.

## C. Ineffective Assistance Of Counsel

### 1.    Applicable standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). The Eighth Circuit Court of Appeals has recognized that, if a defendant was denied the effective assistance of counsel guaranteed by the Sixth Amendment, "then his sentence was imposed 'in violation of the Constitution,' . . . and he is entitled to relief" pursuant to § 2255(a). *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010). Both the Supreme Court and the Eighth Circuit Court of Appeals have expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because such a claim often involves facts outside of the original record. *See Massaro*, 538 U.S. at 504-05 (2003); *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

The Supreme Court has reiterated that "'the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation . . . [but] simply to ensure that criminal defendants receive a fair trial.'" *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). That being the case, "'[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just

result.'" *Id.* (quoting *Strickland*, 466 U.S. at 686, with emphasis added). To assess counsel's performance against this benchmark, the Supreme Court developed in *Strickland* a two-pronged test requiring the petitioner to show "both deficient performance by counsel and prejudice." *See Strickland*, 466 U.S. at 687-88, 697; *see also Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1419 (2009). "'Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.'" *Gianakos v. United States*, 560 F.3d 817, 821 (8th Cir. 2009) (quoting *Strickland*, 466 U.S. at 687).

As to the deficient performance prong, "The Court acknowledged [in *Strickland*] that '[t]here are countless ways to provide effective assistance in any given case,' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" *Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403 (quoting *Strickland*, 466 U.S. at 689). Moreover,

> Recognizing the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence," [*Strickland*, 466 U.S. at 689], the Court established that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *id.,* at 690, 104 S. Ct. 2052. To overcome that presumption, a defendant must show that counsel failed to act "reasonabl[y] considering all the circumstances." *Id.,* at 688, 104 S. Ct. 2052. The Court cautioned that "[t]he availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges." *Id.,* at 690, 104 S. Ct. 2052.

*Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403. To put it another way,

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell

> below an objective standard of reasonableness." [*Strickland*,] 466 U.S. at 688, 104 S. Ct. 2052. . . . The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.,* at 687, 104 S. Ct. 2052.

*Harrington v. Richter*, ___ U.S. ___, ___, 131 S. Ct. 770, 787 (2011); *Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 739 (2011) (quoting *Richter*). There are two substantial impediments to making the required showing. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). Also, the court "'must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."'" *King*, 595 F.3d at 852-53 (quoting *Ruff v. Armontrout*, 77 F.3d 265, 268 (8th Cir. 1996), in turn quoting *Strickland*, 466 U.S. at 690).

The second prong of the *Strickland* analysis requires the challenger to prove prejudice. *Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403 (citing *Strickland*, 466 U.S. at 691-92). "'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Gianakos*, 560 F.3d at 821 (quoting *Strickland*, 466 U.S. at 691). As the Supreme Court has explained,

> "The defendant must show that there is a reasonable
> probability that, but for counsel's unprofessional errors, the
> result of the proceeding would have been different."
> [*Strickland*, 466 U.S.] at 694, 104 S. Ct. 2052. "A reasonable
> probability is a probability sufficient to undermine confidence
> in the outcome." *Ibid.* That requires a "substantial," not just
> "conceivable," likelihood of a different result. *Richter*, 562
> U.S., at ––––, 131 S. Ct., at 791.

*Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403. Even where the petitioner "suffered

prejudice from his lawyer's error," he is not entitled to § 2255 relief unless the lawyer's

error was also the result of conduct that was professionally unreasonable at the time.

*King*, 595 F.3d at 852-53.

The two prongs of the "ineffective assistance" analysis are usually described as

sequential. Thus, if the movant fails to show deficient performance by counsel, the court

need proceed no further in its analysis of an "ineffective assistance" claim. *United States

v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). On the other hand, courts "do not . . .

need to address the performance prong if petitioner does not affirmatively prove

prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v.

Norris*, 103 F.3d 710 (8th Cir. 1997)); *accord Gianakos*, 560 F.3d at 821 ("'We need not

inquire into the effectiveness of counsel, however, if we determine that no prejudice

resulted from counsel's alleged deficiencies.' *Hoon v. Iowa*, 313 F.3d 1058, 1061 (8th

Cir. 2002) (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052).").

### 2. *Failure to challenge second superseding indictment*

Angelle argues, *pro se*, that when the Second Superseding Indictment was filed, it

wrongfully alleged one lengthy continuous conspiracy instead of separate conspiracies.

*See* Motion at 4. Angelle claims that witnesses who were allowed to testify at trial would

not have been able to testify if his attorney had challenged the Second Superceding

Indictment, prior to trial, because their testimony was not relevant to the conduct charged in the initial Indictment. *See* Memorandum In Support, at 6. Counsel appointed to represent Angelle with regard to his Motion, further clarifies that Angelle's trial counsel provided ineffective assistance of counsel by failing to "argue multiple conspiracies and request an instruction relating to multiple conspiracies." Brief at 6. The respondent argues that Angelle's trial counsel was not ineffective for failing to challenge the Second Superseding Indictment because it was not facially defective and claims that, even if Angelle's trial counsel was deficient for not filing a pre-trial objection to the Second Superceding Indictment, Angelle suffered no prejudice. *See* Response at 9. Respondent argues that because Angelle does not challenge his conviction on Count 2 of the Second Superseding Indictment, he suffered no prejudice because a conviction of only Count 2 would have exposed him to the same mandatory minimum 120 month sentence. *See* Response at 9. The respondent further claims that Angelle's assertion that trial counsel should have argued that the evidence at trial supported multiple conspiracies fails because trial counsel "raised this issue at trial and moved to dismiss on the basis that the government's proof did not conform with the charges in the indictment." Response at 9.

"An indictment is sufficient if it fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to a future prosecution." *United States v. Buchanan*, 574 F.3d 554, 565 (8th Cir. 2009). "Typically an indictment is not sufficient only if an essential element of the offense is omitted from it." *United States v. Hance*, 501 F.3d 900, 905 (8th Cir. 2007). "An indictment is not required to take a particular form and should not be read in a 'hyper-technical fashion.'" *United States v. Covey*, 232 F.3d 641, 645 (8th Cir. 2000), in turn quoting *United States v. Morris*, 18 F.3d 562, 568 (8th Cir. 1994)).

Trial counsel states, via affidavit, that he examined the Second Superseding Indictment and "could not discern any defect on the face of the indictment." Affidavit at 3. Counsel further states that "in counsel's legal judgment, there was no facial challenge counsel could raise to the superseding indictment." Affidavit at 3. Trial counsel's decision that there was no colorable pre-trial objection that could be made to the Second Superseding Indictment was a reasonable "'[s]trategic choice made after thorough investigation of law and facts relevant to plausible options." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Therefore, I find that trial counsel's performance in not making a pre-trial challenge to the Second Superseding Indictment, was not deficient and Angelle's claim that his trial counsel provided ineffective assistance by failing to make a pre-trial challenge to the Second Superseding Indictment, fails.

With regard to the issue of multiple conspiracies, Angelle has also argued, through counsel appointed to represent him on this matter, that his trial counsel provided ineffective assistance of counsel by failing to request an instruction on multiple conspiracies. Brief at 6.

"A single conspiracy is composed of individuals sharing common purposes or objectives under one general agreement." *United States v. Delgado*, 653 F.3d 729, 735 (8th Cir. 2011). "[A] single overall conspiracy can be made up of a number of separate transactions and of a number of groups involved in separate crimes or acts." *United States v. McGilberry*, 620 F.3d 880, 885 (8th Cir. 2010). "That various conspirators join at different times, change roles, or depart from the conspiracy does not convert a single conspiracy into multiple ones." *United States v. Maza*, 93 F.3d 1390, 1398 (8th Cir. 1996). "A single conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the

transactions," *United States v. Slagg*, 651 F.3d 832, 840 (8th Cir. 2011) (citing *United States v. Longs*, 613 F.3d 1174, 1176 (8th Cir.) in turn quoting *Donell*, 596 F.3d at 923), *cert. denied*, *United States v. Baker*, 855 F.2d 1353, 1357 (8th Cir. 1988)("this type of enterprise, by its very nature, is a loosely knit organization."); *see also United States v. Benford*, 360 F.3d 913, 914 (8th Cir. 2004) (concluding a single conspiracy was proven when the evidence established a common goal to distribute cocaine in a particular area).

The United States Court of Appeals for the Eighth Circuit, in ruling on Angelle's appeal, held that there was sufficient evidence in Angelle's case for a conviction on the conspiracy charge of the Second Superseding Indictment. *See* Crim. docket no. 89 at 2. Based on this finding, Angelle cannot establish that he was prejudiced, even if his counsel had been deficient for failing to request a multiple conspiracies instruction, because, even if the jury had been provided with a multiple conspiracies instruction, there was sufficient evidence for them to find Angelle guilty of one single conspiracy. Because there was sufficient evidence in the record for the jury to convict Angelle of a single conspiracy, Angelle has not established that there was a "substantial" likelihood that the jury would not have convicted him of Count 1 of the Second Superseding Indictment if a multiple conspiracies instruction had been given. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* That requires a "substantial," not just "conceivable," likelihood of a different result. *Richter*, 562 U.S., at ----, 131 S. Ct., at 791. Angelle cannot demonstrate that he suffered prejudice because of his trial counsel's failure to request a multiple conspiracies instruction. Angelle's claim that his trial counsel provided ineffective assistance on this ground, fails.

### 3. *Failure to argue against inclusion of prior conviction*

Angelle argues *pro se* that his trial counsel should have moved to "redact" the language relating to his prior conviction from the Second Superseding Indictment so that it would not have been read to the jury and should have objected to reading the stipulation to the prior conviction, to the jury. *See* Memorandum in Support of Motion, at 4. Respondent argues that "[t]he Eighth Circuit Court of Appeals has held that prior convictions contained in indictments are not prejudicial to the defendant." Response at 5.

Although informative, neither of the cases cited by the respondent squarely stand for the proposition that "prior convictions contained in indictments are not prejudicial to the defendant." *See United States v. Loveless,* 139 F.3d 587, 593 (8th Cir. 1998) (analysis of introduction of prior drug offenses as prior bad acts pursuant to Rule 403); *see also*, *United States v. Kent*, 531 F.3d 642, 651 (holding that evidence of defendant's prior drug distribution was not unfairly prejudicial in drug prosecution pursuant to Rule 403). Both cases involved the introduction of trial testimony regarding prior convictions. Here, Angelle appears to challenge the very appearance of the prior criminal conviction in the Second Superseding Indictment and the reading of the Second Superseding Indictment and a stipulation relating to the prior conviction, to the jury. *See* Motion at 4.

The United States Supreme Court has specifically approved the use of "[t]he prior commission of a serious crime as a sentencing factor which may subject a defendant to a higher statutory maximum penalty even if it is not charged in the indictment or proved to the jury." *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 230 (1998)). While an indictment must set forth each element of the crime that it charges, it does not need to set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." *Almendarez*, 523 U.S. at 228.

"Allegations in an indictment that are not necessary to establish a violation of the statute in issue are mere surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime." *United States v. Washington*, 992 F.2d 785, 787 (8th Cir. 1993). The Federal Rules of Criminal Procedure provide that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed.R.Crim.P. 7(d). "The proper remedy where allegations of indictment are unnecessary or prejudicial is not by motion to dismiss the whole indictment or an entire count thereof, but by motion to strike the claimed surplusage." *Dranow v. United States,* 307 F.2d 545, 558 (8th Cir. 1962). Nonstatutory language that invites the jury to consider a long narrative of highly prejudicial and confusing allegations should be struck from the indictment as unnecessary and prejudicial. *See United State v. Mutchler*, 333 F.Supp.2d 828, 834 (S.D. Iowa 2004). However, "the inclusion of such surplusage is harmless when the evidence against the defendant is overwhelming. *United States v. Washington*, 992 F.2d. 785, 788 (8th Cir. 1993).

Both counts in the Second Superseding Indictment include the following language: "having previously been convicted of a felony drug offense, that is, possession of cocaine with intent to distribute in 1995 in Woodbury County, Iowa." Unlike the language in *Mutchler*, this language does not provide a long narrative of highly prejudicial and confusing allegations. It would have been reasonable for Angelle's trial counsel to determine that the better approach was to file a Motion in Limine to preclude the government from making any reference to Angelle's prior conviction during trial, which in fact, is what Angelle's trial counsel did. *See* Crim. docket no. 27 at 1. Angelle cannot establish that his trial counsel was deficient for failing to file a Motion to Strike the reference to his prior conviction from the Second Superseding Indictment.

Further, Angelle cannot demonstrate that he was prejudiced by the inclusion of the information relating to his prior conviction in the Second Superseding Indictment or by having the information regarding his prior conviction read to the jury in the stipulation, because I previously held that evidence relating to his prior drug conviction would be admissible during trial. *See* Crim. docket no. 49 at 13. If Angelle would not have been prejudiced by the introduction of evidence relating to his prior conviction during trial, I cannot find any reason to believe that he was prejudiced either by the inclusion of the language relating to his prior conviction in the Second Superseding Indictment or by having the stipulation regarding his prior conviction read to the jury. Therefore, Angelle's claim that his counsel provided ineffective assistance, on this basis, fails.

### 4.     *Failure to raise improper amendment of second superseding indictment*

Angelle claims, *pro se*, that his trial counsel provided ineffective assistance of counsel by failing "to note and argue that the government's purpose in extending the conspiracy from 2006 to 2001 [sic], and alleging a single rather than multiple conspiracies, was for the express purpose of permitting other testimony to bolster a weak case." Motion at 4. Respondent argues that this argument is foreclosed by a finding of the Eighth Circuit Court of Appeals that there was sufficient evidence to convict Angelle of one single conspiracy. Response at 10.

"An initial indictment-from which the prosecutor embarks on a course of plea negotiation-does not necessarily define the extent of the legitimate interest in prosecution." *United States v. Goodwin*, 457 U.S. 368, 380 (1982). Angelle does not allege any vindictiveness on the part of the prosecution, but only claims that the prosecution lengthened the period of the alleged conspiracy in order to bolster its otherwise weak case. Motion at 4. Angelle, with regard to this claim, has raised no legal points that are

arguable on the merits. Therefore, his claim on this ground is frivolous and fails. *See Embrey v. Hershberger*, 131 F.3d 739, 742 (8th Cir. 1997).

### 5. *Failure to object to application of Rule 404(b)*

Angelle, *pro se*, argues that "[c]ounsel failed to comprehend the concept of Rule 404(b) evidence and as a result, the government was permitted to introduce, without objection, evidence of Angelle's prior criminal conviction." Motion at 5. Respondent claims that the district court "applied Rule 404(b) in determining whether [Angelle's] prior conviction should be allowed into evidence." Response at 4. Angelle claims that his trial counsel should have argued that application of Rule 404(b) was not proper unless and until Angelle had testified and denied the charges on the witness stand. *See* Brief in Support at 16.

I have previously determined that Rule 404(b) governed the question of the admissibility of the evidence of Angelle's prior conviction and that it was proper for such evidence to be admitted. *See* Crim. docket no. 49. I see no reason to disturb that determination at this time, nor do I see any persuasive reason to determine that Angelle's counsel was ineffective for failing to adequately challenge the introduction of evidence relating to Angelle's prior conviction. Angelle makes no non-frivolous arguments with regard to this claim. Therefore, his claim of ineffective assistance on this ground fails.

### D. *Certificate Of Appealability*

Denial of Angelle's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> * * *
>
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

I find that Angelle has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find my assessment of Angelle's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Angelle does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no

certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

## III. CONCLUSION

Upon the foregoing, Angelle's Motion Under 28 U.S.C. § 2255 (Civ. docket no. 1), is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case. Angelle's Motion For Entry Of Judgment (Civ. docket no. 18) is also hereby denied.

**IT IS SO ORDERED.**

**DATED** this 15th day of November, 2011.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA